**<u>Exhibit A</u>**

**Proposed Order Approving Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*,[1] | Case No. 22-11303 (BLS) |
| Debtors. | (Jointly Administered) |
| JEOFFREY L. BURTCH, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. No. 24-50281 (BLS) |
| ESL INVESTMENTS, INC., ESL PARTNERS, L.P., HOMETOWN MIDCO LLC, HOFFMAN TOPCO LLC, TRANSFORM HOLDCO LLC, TRANSFORM MIDCO LLC, TRANSFORM SR ACCEPTANCE LLC, TRANSFORM SR LLC, TRANSFORM SR HOLDINGS LLC, TRANSFORM SR HOLDING MANAGEMENT LLC, TRANSFORM KM LLC, TRANSFORM SR BRANDS MANAGEMENT LLC, TRANSFORM SR BRANDS LLC, TRANSFORM HOLDINGS, INC., EDWARD S. LAMPERT, ELISSA ROBERTSON, HENRY BASRA AND MAHAD RAFEEQ, | |
| Defendants. | |

---

[1]  The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are the following: Sears Authorized Hometown Stores, LLC (9641); and Sears Hometown Stores, Inc. (8358).  The Debtors' mailing address is 5500 Trillium Blvd. Suite 501, Hoffman Estates, IL 60192.

**ORDER APPROVING STIPULATION REGARDING AMENDED COMPLAINT AND DEFENDANTS' DEADLINE FOR RESPONDING THERETO**

Upon consideration of the *Fourth Stipulation Regarding Amended Complaint and Defendants' Deadline for Responding Thereto*, a copy of which is attached hereto as Exhibit "1" (the "Stipulation"),[2] and the Certification of Counsel regarding the Stipulation; IT IS HEREBY ORDERED:

1.      The Stipulation, including all provisions, terms, and conditions therein, is hereby approved.

2.      The Trustee shall file the Amended Complaint on or before June 23, 2026.  The deadline for each of the above-captioned defendants to respond to the Amended Complaint shall be August 12, 2026.  This Order is without prejudice to the Parties' ability to request that such deadlines be extended.

3.      The Court shall hold an initial pretrial conference at a date to be determined following August 12, 2026.

---

[2] Capitalized terms not otherwise defined in this Order shall have the meanings given in the Stipulation.

## Exhibit 1

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*,[3] | Case No. 22-11303 (Jointly Administered) |
| Debtors. | Hon. Brendan L. Shannon |
| JEOFFREY L. BURTCH, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*, | |
| Plaintiff, | |
| v. | Adv. No. 24-50281 (BLS) |
| ESL INVESTMENTS, INC., ESL PARTNERS, L.P., HOMETOWN MIDCO LLC, HOFFMAN TOPCO LLC, TRANSFORM HOLDCO LLC, TRANSFORM MIDCO LLC, TRANSFORM SR ACCEPTANCE LLC, TRANSFORM SR LLC, TRANSFORM SR HOLDINGS LLC, TRANSFORM SR HOLDING MANAGEMENT LLC, TRANSFORM KM LLC, TRANSFORM SR BRANDS MANAGEMENT LLC, TRANSFORM SR BRANDS LLC, TRANSFORM HOLDINGS, INC., EDWARD S. LAMPERT, ELISSA ROBERTSON, HENRY BASRA AND MAHAD RAFEEQ, | |
| Defendants. | |

---

[3] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are the following: Sears Authorized Hometown Stores, LLC (9641); and Sears Hometown Stores, Inc. (8358). The Debtors' mailing address is 5500 Trillium Blvd. Suite 501, Hoffman Estates, IL 60192.

**FOURTH STIPULATION REGARDING AMENDED COMPLAINT AND
DEFENDANTS' DEADLINE FOR RESPONDING THERETO**

This Stipulation (the "Stipulation"), dated as of April __, 2026, is made between, on the one hand, Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") of the bankruptcy estates ("Estates") of Sears Authorized Hometown Stores, LLC and Sears Hometown Stores, Inc. (together, the "Debtors"), and, on the other hand: ESL Investments, Inc.; ESL Partners, L.P.; Hometown Midco LLC; Hoffman Topco LLC; Transform Holdco LLC; Transform Midco LLC; Transform SR Acceptance LLC; Transform SR LLC; Transform SR Holdings LLC; Transform SR Holding Management LLC; Transform KM LLC; Transform SR Brands Management LLC; Transform SR Brands LLC; Edward S. Lampert; Elissa Robertson; Henry Basra; and Mahad Rafeeq (all together, the "Defendants" and, together with the Trustee, the "Parties").

WHEREAS, on December 12, 2022 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court"), commencing the above-captioned bankruptcy cases (the "Bankruptcy Cases");

WHEREAS, on February 22, 2023, the Court entered an order converting the Bankruptcy Cases to cases under Chapter 7 of the Bankruptcy Code;

WHEREAS, on or about February 22, 2023, Jeoffrey L. Burtch was appointed as interim trustee of the Estates pursuant to Section 701 of the Bankruptcy Code. The meeting pursuant to Section 341(a) of the Bankruptcy Code was held and concluded on March 23, 2023. The Trustee now serves as the permanent trustee pursuant to Section 702(d) of the Bankruptcy Code;

WHEREAS, on December 11, 2024, the Trustee commenced the above-captioned adversary proceeding (the "Adversary Proceeding") by filing a Complaint [Adv. Proc. D.I. 1] (the "Complaint") against the Defendants;

WHEREAS, the Parties entered into that certain Stipulation, dated January 3, 2025 (the "Initial Stipulation") which, among other things, extended the deadline for the Defendants to respond to the Complaint until May 1, 2025;

WHEREAS, on February 5, 2025, the Court entered an order [Adv. Proc. D.I. 5] approving the Stipulation and setting an initial pretrial conference for June 25, 2025 at 9:00 a.m. (ET);

WHEREAS, the Parties entered into that certain Stipulation, dated April 28, 2025 (the "Second Stipulation"), which among other things, extended the deadline for the Defendants to respond to the Complaint until September 8, 2025:

WHEREAS, on April 30, 2025, the Court entered an order [Adv. Proc. D.I. 7] approving the Second Stipulation and setting an initial pretrial conference at a date to be determined;

WHEREAS, the Parties entered into that certain Stipulation, dated September 3, 2025 (the "Third Stipulation"), which among other things, extended the deadline for the Defendants to respond to the Complaint until December 8, 2025;

WHEREAS, on September 8, 2025, the Court entered an order [Adv. Proc. D.I. 12] approving the Third Stipulation and setting an initial pretrial conference at a date to be determined following December 8, 2025;

WHEREAS, the Parties entered into that certain Stipulation, dated December 2025 (the "Fourth Stipulation"), which among other things, required the Trustee to file an amended complaint on or before January 16, 2026, and required the Defendants to file their responses to the amended complaint by February 27, 2026; and

WHEREAS, on December 9, 2025, the Court entered an order [Adv. Proc. D.I. 17] approving the Fourth Stipulation and setting an initial pretrial conference at a date to be determined following February 27, 2016;

WHEREAS, the Parties entered into that certain Stipulation, dated January 2026 (the "Fifth Stipulation"), which among other things, required the Trustee to file an amended complaint on or before March 4, 2026, and required the Defendants to file their responses to the amended complaint by April 10, 2026;

WHEREAS, on January 16, 2026, the Court entered an order [Adv. Proc. D.I. 19] approving the Fifth Stipulation and setting an initial pretrial conference at a date to be determined following April 10, 2026;

WHEREAS, the Parties entered into that certain Stipulation, dated February 2026 (the "Sixth Stipulation"), which among other things, required the Trustee to file an amended complaint on or before April 24, 2026, and required the Defendants to file their responses to the amended complaint by June 10, 2026;

WHEREAS, on March 3, 2026, the Court entered an order [Adv. Proc. D.I. 21] approving the Sixth Stipulation and setting an initial pretrial conference at a date to be determined following June 10, 2026;

NOW, THEREFORE, the Parties hereby stipulate and agree as follows:

1.      The Trustee shall file an amended Complaint (the "Amended Complaint") on or before June 23, 2026.

2.      The deadline for each of the Defendants to respond to the Amended Complaint shall be August 12, 2026, without prejudice to the Parties' ability to request that the deadline be further extended.  The Trustee shall request that the Court schedule the Pretrial Conference for a date following August 12, 2026.

3.      Except as otherwise provided herein, nothing in this Stipulation shall be, or be deemed to be, a waiver of any rights, remedies or privileges of the Parties.  Except as otherwise

4

provided herein, this Stipulation is without prejudice to any Party's rights, privileges, and remedies under applicable law, whether at law or in equity, and each Party hereby reserves all such rights, privileges and remedies.

4.      This Stipulation shall inure to the benefit of, and be binding upon, any and all successors-in-interests, assigns, and legal representatives of the Parties.

5.      For the avoidance of doubt, the Initial Stipulation, the Second Stipulation, the Third Stipulation, the Fourth Stipulation, the Fifth Stipulation and the Sixth Stipulation shall remain in full force and effect, except as explicitly modified herein.

6.      Each person signing this Stipulation represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Stipulation on behalf of such Party and to bind his/her respective clients to the terms and conditions of this Stipulation.

7.      This Stipulation sets forth the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous written and oral agreements and discussions.  This Stipulation may only be amended by an agreement in writing signed by the Parties.

8.      This Stipulation may be signed in counterparts and such signatures may be delivered by facsimile or other electronic means.

**COZEN O'CONNOR**

*/s/ Mark E. Felger*
Mark E. Felger, Esq. (No. 3919)
Simon E. Fraser, Esq. (No. 5335)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
(302) 295-2000
mfelger@cozen.com
sfraser@cozen.com

*Attorneys for the Trustee*

**REED SMITH LLP**

*/s/ Kurt F. Gwynne*
Kurt F. Gwynne, Esq. (No. 3951)
Jason D. Angelo, Esq. (No. 6009)
1201 N. Market St.; Ste. 1500
Wilmington, DE 19801
(302) 778-7550
kgwynne@reedsmith.com
jangelo@reedsmith.com

*Attorneys for ESL Investments, Inc., ESL Partners, L.P., Hometown Midco LLC, Hoffman Topco LLC, Transform Holdco LLC, Transform Midco LLC, Transform SR Acceptance LLC, Transform SR LLC, Transform SR Holdings LLC, Transform SR Holding Management LLC, Transform KM LLC, Transform SR Brands Management LLC, Transform SR Brands LLC, and Edward S. Lampert.*

**TAFT STETTINIUS & HOLLISTER LLP**

*/s/ Landon Raiford*
Landon Raiford
111 E. Wacker Drive, Suite 2600
Chicago, Illinois 60601-4208
(312) 527-4000
raiford@taftlaw.com

*Attorneys for Henry Basra and Mahad Rafeeq*

**LANDIS RATH & COBB LLP**

*/s/ Rebecca L. Butcher*
Rebecca L. Butcher (No. 3816)
Katherine S. Dute (No. 6788)
919 Market Street, Suite 1800
Wilmington, Delaware  19801
(302) 467-4400
butcher@lrclaw.com
dute@lrclaw.com

-and-

**HOLWELL SHUSTER & GOLDBERG LLP**
Matthew Gurgel
425 Lexington Ave
New York, New York 10017
(646) 837-5137
mgurgel@hsgllp.com

*Attorneys for Elissa Robertson*

6