**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>SEARS AUTHORIZED HOMETOWN STORES, LLC, *et al.*,[1]<br><br>*Debtors*. | Chapter 7<br><br>Case No. 22-11303<br>(Jointly Administered)<br><br>Hon. Brendan L. Shannon |
| SEARS AUTHORIZED HOMETOWN STORES, LLC, and SEARS HOMETOWN STORES, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>TRANSFORM KM LLC, TRANSFORM SR ACCEPTANCE LLC, TRANSFORM SR HOLDINGS LLC, TRANSFORM SR HOLDING MANAGEMENT LLC, and TRANSFORM SR LLC,<br><br>*Defendants.* | Adv. No. 22-50510 (BLS) |
| JEOFFREY L. BURTCH, NOT INDIVIDUALLY BUT AS CHAPTER 7 TRUSTEE FOR THE BANKRUPTCY ESTATES OF SEARS AUTHORIZED HOMETOWN STORES, LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>ESL INVESTMENTS, INC., ESL PARTNERS, L.P., HOMETOWN MIDCO LLC, HOFFMAN TOPCO LLC, TRANSFORM HOLDCO LLC, | Adv. No. 24-50281 (BLS) |

---

[11] The Debtors in these cases, along with the last four digits of their federal tax identification numbers, are the following: Sears Authorized Hometown Stores, LLC (9641); and Sears Hometown Stores, Inc. (8358). The Debtors' mailing address is 5500 Trillium Blvd. Suite 501, Hoffman Estates, IL 60192.

TRANSFORM MIDCO LLC, TRANSFORM SR ACCEPTANCE LLC, TRANSFORM SR LLC, TRANSFORM SR HOLDINGS LLC, TRANSFORM SR HOLDING MANAGEMENT LLC, TRANSFORM KM LLC, TRANSFORM SR BRANDS MANAGEMENT LLC, TRANSFORM SR BRANDS LLC, TRANSFORM HOLDINGS, INC., EDWARD S. LAMPERT, ELISSA ROBERTSON, HENRY BASRA and MAHAD RAFEEQ,

*Defendants*.

**ORDER GRANTING TRUSTEE'S MOTION TO APPROVE SETTLEMENT OF CERTAIN ESTATE CAUSES OF ACTION**

Upon consideration of the *Trustee's Motion to Approve Settlement of Certain Estate Causes of Acton Pursuant to Fed. R. Bankr. P. 9019* (the "Motion");[2] and for the reasons set forth in the Motion, after notice and an opportunity for a hearing,

**IT IS HEREBY FOUND THAT:**

A. The probability of success in the litigation and the complexity, expense, inconvenience and further delay support the reasonableness of the settlement as the factual and legal issues are complex and would be vigorously contested.

B. The potential difficulties in collection from individuals and/or entities with limited assets also support the reasonableness of the settlement.

C. The paramount interest of creditors also supports the reasonableness of the settlement, as indicated by PNC's participation in, and approval of, the settlement.

[2] Capitalized terms shall have the same meaning ascribed in the Motion or Settlement Agreement, as applicable, unless otherwise defined herein.

D. Accordingly, the settlement is fair, equitable, and in the best interests of the Debtors' estates.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Motion is **GRANTED**.

2. The Settlement Agreement is approved.

3. The Trustee is authorized and empowered to take such actions as may be reasonably necessary to implement and effectuate the terms of the Settlement Agreement.

4. The Trustee is authorized and directed to make the PNC Settlement Payment within five (5) days of the date upon which the Trustee has received both of the Settlement Payments in immediately available funds in accordance with the Settlement Agreement.

5. The notice of the Motion was in accordance with Local Rule 2002-1(h) and no further notice is required.

6. The Court retains jurisdiction with respect to all matters arising from or related to the implementation and enforcement of the Settlement Agreement and this Order.